Jason M. Erlich, Esq., Cal. Bar #203661
    email: jason@mcelawfirm.com
MCCORMACK & ERLICH LLP
150 Post Street, Suite 742
San Francisco, CA 94108
Tel: (415) 296-8420
Fax: (415) 296-8552

Attorney for Defendant Matthew Serre

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>MATTHEW SERRE, an individual; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that, Defendant Matthew Serre ("Defendant"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Mateo, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction over Plaintiff Genentech, Inc.'s ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is proper based on the following grounds:

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

McCormack & Erlich, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**BACKGROUND**

1.      On or about April 13, 2018, Plaintiff Genentech, Inc. filed an unverified Complaint in the Superior Court of the State of California, County of San Mateo, entitled *Genentech, Inc., a Delaware corporation v. Matthew Serre, an individual; and DOES 1 through 10*, Case No. 18CIV01849 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.      The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Defendant. Specifically, Plaintiff brings claims for (1) Breach of Contract, (2) Money Had and Received, and (3) Account Stated.

**TIMELINESS OF REMOVAL**

3.      On or about May 15, 2018, Plaintiff served Defendant's counsel with a summons and copy of the Complaint. A true and correct copy of the Summons is attached hereto as Exhibit "B."

4.      On June 7, 2018, defendant Matthew Serre timely filed his Answer in the Superior Court of the State of California, County of San Mateo.  A true and correct copy of the Answer is attached hereto as Exhibit "C."

5.      This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

6.      This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed by Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.      <u>Plaintiff's Citizenship</u>:  Plaintiff alleges in its Complaint, and Defendant is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a corporation that is incorporated in the State of Delaware, with its principal place of business in the

State of California, San Mateo County. (Ex. A, Complaint ¶ 1.) Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . ." Accordingly, for purposes of federal diversity jurisdiction, Plaintiff is a citizen of the States of Delaware and California.

8. <u>Defendant's Citizenship</u>: To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Defendant is a citizen of Oregon. Further, Plaintiff alleges that Defendant is, and at all times since the commencement of this action has been, a citizen of Oregon. (Complaint ¶ 2.) Defendant is not a citizen of the State of California. Because Plaintiff is a citizen of California (and Delaware) and Defendant is a citizen of Oregon, complete diversity of citizenship exists.

9. <u>Doe Defendants</u>: Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 10, inclusive, does not deprive this Court of jurisdiction.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

10. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the

- 3 -

DEFENDANT'S NOTICE OF REMOVAL
GENENTECH, INC. V. SERRE, ET AL.

Complaint that the jurisdictional amount is in controversy. *Id.* In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 16 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at 377.

11.  <u>Alleged Damages</u>: Plaintiff alleges that as a result of Defendant's conduct, it is entitled to at least $181,734.74.[1]  (Complaint ¶¶ 7, 20, 24; Prayer for Relief ¶ 1)

12.  <u>Attorneys' Fees</u>: The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees.  (Complaint Prayer for Relief ¶ 3.)  Requests for attorneys' fees should be considered in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that Plaintiff could recover more than $100,000 in attorneys' fees.

## VENUE

13.  Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of San Mateo.

## NOTICE OF REMOVAL

14.  This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Mateo.

15.  In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are

---

[1] By estimating the amount Plaintiff may recover if it prevails, Defendant does not concede that Plaintiff will prevail on any of its claims or that if it prevails, Plaintiff is entitled to damages in any particular amount or at all.  Defendant reserves the right to dispute Plaintiff's claims with respect to both liability and damages.

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

attached hereto as the following exhibits, including the Complaint (Exhibit A), Summons (Exhibit B) and Defendant's Answer (Exhibit C), filed in San Mateo Superior Court.

**WHEREFORE**, Defendant requests that the above action pending before the Superior Court of the State of California for the County of San Mateo be removed to the United States District Court for the Northern District of California.

Date:   June 7, 2018                                      MCCORMACK & ERLICH, LLP

/S/ *Jason Erlich*

_____
By:  Jason M. Erlich, Esq.
Attorney for Defendant Matthew Serre

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

EXHIBIT A

1   John F. Gardner, #133163
    jgardner@donahue.com
2   Eric A. Handler, #224637
    ehandler@donahue.com
3   DONAHUE FITZGERALD LLP
    Attorneys at Law
4   1999 Harrison Street, 25th Floor
    Oakland, California 94612-3520
5   Telephone: (510) 451-3300
    Facsimile: (510) 451-1527
6
    Attorneys for Plaintiff
7   Genentech, Inc.

8

**F I L E D**
SAN MATEO COUNTY

APR 1 3 2018

Clerk of the Superior Court
By _____
        DEPUTY CLERK

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SAN MATEO

11

12  GENENTECH, INC., a Delaware          Case No. **1 8 C I V 0 1 8 4 9**
    corporation,
13                                       **COMPLAINT FOR MONEY DAMAGES**
                    Plaintiff,
14                                       [Unlimited Jurisdiction]
        v.
15                                       1. Breach of Contract
    MATTHEW SERRE, an individual; and    2. Money Had and Received
16  DOES 1 to 10, inclusive,             3. Account Stated
17                  Defendants.

18

19          Plaintiff Genentech, Inc. ("**Genentech**"), for its complaint (the "**Complaint**") against

20  defendants Matthew Serre ("**Serre**") and Does 1 to 10, inclusive, (together, the "**Does**," and

21  together with Serre, "**Defendants**") states and alleges as follows:

22                          **GENERAL ALLEGATIONS**

23          1.      Genentech is a corporation organized and existing under and by virtue of the laws

24  of the State of Delaware with its principal place of business in San Mateo County, California.

25          2.      Genentech is informed and believes, and based thereon alleges, that Serre: (a) is an

26  individual who has conducted business and been employed in San Mateo County, California; and

27  (b) currently resides in Oregon.

28          3.      Genentech sues the Does via this Complaint under fictitious names as the Does'



COMPLAINT FOR MONEY DAMAGES                                    CASE NO.

1  true names and capacities are presently unknown to Genentech. When Genentech ascertains the

2  Does' true names and capacities, Genentech will amend this Complaint to state the same.

3  Genentech is informed and believes, and based thereon alleges, that Defendants, and each of

4  them, are responsible in some manner for the acts and/or omissions alleged herein and that

5  Genentech's damages as alleged herein were directly and proximately caused by Defendants, and

6  each of them.

7      4.      Genentech is informed and believes, and based thereon alleges, that at all relevant

8  times each of the Defendants was the agent, employee, and/or representative of each of the other

9  Defendants, and in doing the things hereinafter alleged was acting within the course and scope of

10  such agency, employment, and/or representation and with the permission and consent of the other

11  Defendants.

12      5.      Genentech is a leading biotechnology company that discovers, develops,

13  manufactures, and commercializes medicines to treat patients with serious and life-threatening

14  medical conditions. To conduct its business, Genentech sometimes hires employees to whom

15  Genentech provides relocation benefits to facilitate the ability of those employees to perform their

16  employment responsibilities for Genentech in and around San Mateo County, California. In

17  general, Genentech provides such relocation benefits to such employees pursuant to written

18  contracts setting forth the conditions under which those employees are required to repay certain

19  monies given by Genentech to those employees in connection with such relocation benefits. Serre

20  was one such employee of Genentech.

21      6.      On or around December 8, 2016, Genentech and Serre entered into a contract

22  entitled "RELOCATION REPAYMENT AGREEMENT FOR RELOCATION EXPENSES" (the

23  "**Contract**"). Therein Genentech agreed to pay certain relocation-related monies to Serre

24  (together, the "**Relocation Expenses**"), including without limitation certain expenses associated

25  with house hunting, interim personal living, moving, and real estate sale and purchase, in

26  exchange for, among other things, Serre's promise to repay to Genentech all of the Relocation

27  Expenses if, within twelve (12) months of the effective date on which Serre's employment with

28  Genentech started (the "**Start Date**"), Serre either terminated his employment with Genentech for

- 2 -

1  any reason or was involuntarily terminated by Genentech (with the exception of death, disability,

2  job elimination or reduction in force). In the Contract Serre also expressly agreed: (a) "to

3  reimburse the Company [i.e., Genentech] for the total amount of relocation expenses payable

4  pursuant to this agreement immediately upon my [i.e., Serre's] termination and receipt from the

5  Company of an itemization of expenses incurred"; and (b) "[i]n the event I fail to make such

6  timely reimbursement, I agree to reimburse the Company for all attorneys' fees and costs incurred

7  by the Company in enforcing my payment under this Agreement."

8      7.      Serre's Start Date was January 6, 2017, and Serre's employment with Genentech

9  terminated on December 22, 2017. While Serre was employed by Genentech, Genentech paid

10  $181,734.74 to Serre as Relocation Expenses pursuant to the Contract (the **"Balance Owed"**).

11      8.      Via a written letter delivered by Genentech to Serre on or around January 15, 2018

12  (the **"Notice Letter"**), Genentech: (a) provided Serre with a written itemization of the Balance

13  Owed (the **"Account Statement"**); and (b) requested that Serre, as required by the Contract, pay

14  Genentech within thirty (30) days an amount equal to the Balance Owed as reflected in the

15  Account Statement.

16      9.      Serre never communicated any objection to Genentech concerning the Account

17  Statement or the Notice Letter.

18      10.      By January 15, 2018, Genentech had performed all acts, services, and conditions

19  required of Genentech by the Contract.

20      11.      Despite Serre's receipt of the monies comprising the Balance Owed, the Notice

21  Letter, and Account Statement, Serre has failed and refused in breach of the Contract to tender

22  any monies to Genentech in connection with the Contract, the Notice Letter, and the Account

23  Statement. Accordingly, the Balance Owed is now due and owed by Serre to Genentech.

24                          **FIRST CAUSE OF ACTION**

25                  **(Breach of Written Contract Against All Defendants)**

26      12.      Genentech realleges and incorporates as though fully set forth herein Paragraphs 1

27  through 11, inclusive, of this Complaint.

28      13.      A written contract exists between Genentech and Serre in the form of the Contract.

14.     Genentech has performed all of its obligations required by the Contract, except for those obligations that have been excused.

15.     Serre has failed to perform all of his obligations required by, and has materially breached, the Contract by failing and refusing to timely pay to Genentech all of the Balance Owed as described in the Notice Letter and the Account Statement.

16.     Genentech has been damaged by Serre's breach of the Contract in the principal amount of the Balance Owed plus pre-judgment interest accruing thereupon at the legal rate from February 14, 2018 (i.e., thirty (30) days after the Notice Letter was delivered to Serre).

WHEREFORE, Genentech prays for judgment against Defendants as set forth below.

## SECOND CAUSE OF ACTION

### (Monies Had & Received Against All Defendants)

17.     Genentech realleges and incorporates as though fully set forth herein Paragraphs 1 through 11, inclusive, of this Complaint.

18.     While Serre was employed by Genentech, and at Serre's repeated and specific insistence and request, Genentech paid $181,734.74 (i.e., the Balance Owed) to Serre.

19.     At all material times, Serre was aware that Genentech was not providing and did not provide that $181,734.74 (i.e., the Balance Owed) to Serre as a volunteer.

20.     As of February 14, 2018, in San Mateo County, California, Serre was and remains indebted to Genentech for Serre's receipt of that $181,734.74 (i.e., the Balance Owed), and Serre agreed to repay said sum to Genentech based on Serre having been employed by Genentech for less than one year.

21.     Genentech has demanded from Serre payment of the Balance Owed, but Serre has not paid any part of that sum, which is now due and owed to Genentech.

WHEREFORE, Genentech prays for judgment against Defendants as set forth below.

## THIRD CAUSE OF ACTION

### (Account Stated Against All Defendants)

22.     Genentech realleges and incorporates as though fully set forth herein Paragraphs 1 through 11, inclusive, of this Complaint.

- 4 -

23. While Serre was employed by Genentech, and at Serre's repeated and specific insistence and request, Genentech paid $181,734.74 (i.e., the Balance Owed) to Serre.

24. Within the last four years in San Mateo County, California, and at Serre's specific insistence and request, an account was stated in writing by and between Genentech and Serre for monies owed by Serre to Genentech in connection with that $181,734.74 paid by Genentech to Serre (i.e., the Balance Owed), which sum Serre agreed to repay to Genentech.

25. Neither the whole nor any part of the aforementioned account stated arising from and related to the Balance Owed has been paid to Genentech by Serre, although Genentech has demanded payment thereof, and Serre now owes Genentech the sum of the Balance Owed.

## PRAYER FOR RELIEF

WHEREFORE, Genentech prays for judgment against Defendants as follows:

1. For the principal sum of the Balance Owed, i.e., $181,734.74;

2. For pre-judgment interest on the Balance Owed, at the highest rate allowed by applicable law, running from February 14, 2018 (i.e., thirty (30) days after the Notice Letter was delivered to Serre) and continuing through the date of entry of judgment in this litigation;

3. For an award of Genentech's attorneys' fees as allowed by the Contract and applicable law;

4. For an award of Genentech's costs of suit herein; and

5. For such other and further relief as this Court may deem proper under the circumstances.

Dated: April 13, 2018                DONAHUE FITZGERALD LLP

By: _____
    Eric A. Handler
    Attorneys for Plaintiff Genentech, Inc.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
**Matthew Serre, an individual; and Does 1 to 10, inclusive**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
**Genentech, Inc., a Delaware corporation**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED FILED
SAN MATEO COUNTY

APR 1 3 2018

Clerk of the Superior Court
By: ANTONIO R. GERONIMO
Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*<br>**18CIV01849** |

**Superior Court of California for San Mateo County**
**800 North Humboldt Street**
**San Mateo, CA, 94401**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
**John F. Gardner, #133163; Eric A. Handler, #224637**
**Donahue Fitzgerald LLP, 1999 Harrison Street, Oakland, CA, 94612**
**(510) 451-3300**

| DATE:<br>*(Fecha)* **APR 1 3 2018** | Clerk, by **ANTONIO R. GERONIMO** | , Deputy |
|---|---|---|
| **RODINA M. CATALANO** | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CEB | Essential
ceb.com | Forms

NOTICE OF CASE MANAGEMENT CONFERENCE

_Genentech, Inc._

vs.

_Matthew Serre_

Case No: **18CIV01849**

~~ENDORSED FILED~~
**SAN MATEO COUNTY**

APR 13 2018

Clerk of the Superior Court
By: ANTONIO R. GERONIMO
Deputy Clerk

Date: **AUG 15 2018**

Time 9:00 a.m.

Dept. _____ --on Tuesday & Thursday

Dept. _21_ --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1.  In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
    a)  Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
    b)  Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
    c)  File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
    d)  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.  Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4.  Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10–days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5.  If you have filed a default or a Judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7.  The Case Management judge will issue orders at the conclusion of the conference that may include:
    a)  Referring parties to voluntary ADR and setting an ADR completion date;
    b)  Dismissing or severing claims or parties;
    c)  Setting a trial date.

8.  The Case Management Judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

_*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information)._

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**   ☐ **LIMITED CASE**<br>         (Amount demanded    (Amount demanded is $25,000<br>         exceeds $25,000)       or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:               Time:           Dept.:          Div.:         Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint  ☐ cross-complaint   *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:     f. Fax number:
e. E-mail address:     g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

      ☐ Bankruptcy ☐ Other *(specify):*

   Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF PARTY OR ATTORNEY)

_____

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30,  2.570-2.573,  2.585,  2.810-2.819,  2.830-2.834,  3.650,  3.700-3.735,  3.920-3.927,  3.1370,  3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

Superior Court of California, County of San Mateo

A.    Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)    To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)    To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)    To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)    In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

B.    Case Management Judges

The clerk will assign the case to a Case Management Judge at the time the complaint is filed. The case shall be managed by the assigned Case Management Judge until disposition or until the case is assigned to a trial department.

C.    Filing and service of pleadings; exceptions.

(1)    Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

    (A)    A blank copy of the Judicial Council Case Management Statement;

    (B)    A copy of Local Rule 2.3;

    (C)    The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)    Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

    (A)    A blank copy of the Judicial Council Case Management Statement;

    (B)    A copy of Local Rule 2.3;

    (C)    The Notice of Case Management Conference.

(3)    Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The

parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service of process: Proofs of service of process must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

(A)     Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206,* within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)     Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)     Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

D.     Case management conference

(1)     Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)     Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)     Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)     The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)     The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)     Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference.  If such counsel is not specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)     Conference orders:  At the initial conference, the Case Management Judge will make appropriate pre-trial orders that may include the following:

   (A)     An order referring the case to arbitration, mediation or other dispute resolution process;

   (B)     An order transferring the case to the limited jurisdiction of the superior court;

   (C)     An order assigning a trial date;

   (D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

   (E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

   (F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

   (G)     An order scheduling the exchange of expert witness information;

   (H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

   (I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

   (A)     Reference CRC, Rule 3.670

   (B)     Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance

and fees are paid directly to CourtCall. CourtCall will send confirmation of the request to parties.

(C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

(D)     At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

E.     Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

F.     Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

G.     Stipulations to Arbitration

(1)     If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)     It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered by the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial*

*arbitration Hearing."* Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)  Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing: (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

H.  Stipulations to Private ADR

(1)  If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)  If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)  Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)  All parties and counsel shall participate in the ADR process in good faith.

(5)  To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)  ADR Program Complaint Policy  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first. In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator. (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)  In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

I.  Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master

Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

J.  Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

K.  Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

L.  Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)(Amended, effective July 1, 2017)


Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)  A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)  An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)  An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)  An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

EXHIBIT B

| Attorney or Party without Attorney:<br>DONAHUE FITZGERALD, LLP<br>JOHN F. GARDNER (SBN 133163)<br>1999 HARRISON STREET 25TH FLOOR<br>OAKLAND , CA 94612<br>  Telephone No: (510) 451-3300<br><br>  Attorney For:  Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.: | **FILED**<br>SAN MATEO COUNTY<br><br>MAY 2 1 2018<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO | | |
| Plaintiff:  Genentech, Inc., a Delaware corporation<br>Defendant:  Matthew Serre, an individual | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>18CIV01849 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE; RULE 2.3 NEW CASE MANAGEMENT; BLANK CASE MANAGEMENT STATEMENT

3.  *a.  Party served:*    Matthew Serre, an individual
    *b.  Person served:*   PAUL HIRSCH, ASSISTANT TO JASON ERLICH, COUNSEL. AUTHORIZED TO ACCEPT SERVICE OF PROCESS.

4.  *Address where the party was served:*   150 POST STREET SUITE 742 , SAN FRANCISCO , CA 94108

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue, May 15 2018 at: 02:41 PM

    (1)   [X]  (business)
    (2)   [ ]  (home)
    (3)   [ ]  (other) :



6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.   [X]  as an individual defendant.
    b.   [ ]  as the person sued under the fictitious name of *(specify):*
    c.   [ ]  as occupant.
    d.   [ ]  On behalf of *(specify):*
         under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ]  416.10 (corporation) | [ ]  415.95 (business organization, form unknown) |
| [ ]  416.20 (defunct corporation) | [ ]  416.60 (minor) |
| [ ]  416.30 (joint stock company/association) | [ ]  416.70 (ward or conservatee) |
| [ ]  416.40 (association or partnership) | [ ]  416.90 (authorized person) |
| [ ]  416.50 (public entity) | [ ]  415.46 (occupant) |
| [ ]  other: | |

   Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF<br>SERVICE<br>SUMMONS**

2296295<br>(7496522)<br>Page 1 of 2

ORIGINAL   

<table>
<tr>
<td colspan="2">
<i>Attorney or Party without Attorney:</i><br>
DONAHUE FITZGERALD, LLP<br>
JOHN F. GARDNER (SBN 133163)<br>
1999 HARRISON STREET 25TH FLOOR<br>
OAKLAND , CA 94612<br>
Telephone No: (510) 451-3300<br><br>
<i>Attorney For:</i> Plaintiff
</td>
<td>
<i>For Court Use Only</i>
</td>
</tr>
</table>

|  |  |
|---|---|
| *Attorney For:* Plaintiff | *Ref. No. or File No.:* |

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

*Plaintiff:* Genentech, Inc., a Delaware corporation
*Defendant:* Matthew Serre, an individual

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 18CIV01849 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: David Cipres
   b. Address: **FIRST LEGAL**
      1202 Howard Street
      SAN FRANCISCO, CA 94103
   c. Telephone number: (415) 626-3111
   d. **The fee** for service was:
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
          (i) ☐ owner ☐ employee ☒ independent contractor
          (ii) Registration No: 2015-00013398, San Francisco
          (iii) County: San Francisco

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

05/21/2018
*(Date)*

*(Signature)*



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

2296295
*(7496522)*
Page 2 of 2

EXHIBIT C

Jason M. Erlich, Esq., Cal. Bar #203661
    email: jason@mcelawfirm.com
McCORMACK & ERLICH LLP
150 Post Street, Suite 742
San Francisco, CA 94108
Tel: (415) 296-8420
Fax: (415) 296-8552

Attorney for Defendant Matthew Serre

ENDORSED FILED
SAN MATEO COUNTY

JUN 0 7 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

CIVIL - UNLIMITED JURISDICTION

| | |
|---|---|
| GENENTECH, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>MATTHEW SERRE, an individual; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No. 18-CIV-01849<br><br>**DEFENDANT MATTHEW SERRE'S ANSWER TO PLAINTIFF'S COMPLAINT FOR MONEY DAMAGES**<br><br>BY FAX |

Pursuant to Section 431.30 of the Code of Civil Procedure, defendant Matthew Serre ("Defendant") in response to Plaintiff Genentech, Inc.'s unverified Complaint for Damages ("Complaint") hereby denies, generally and specifically, each and every allegation of the Complaint and each and every purported cause of action thereof, and specifically denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to each of the purported causes of action set forth in the Complaint, but without assuming any burden of proof therefrom except as otherwise exist at law, and reserving the right to amend this answer to assert additional affirmative defenses Defendant Matthew Serre alleges as follows:

150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1.     Defendant is informed and believes, and on that basis alleges, that no relief may be obtained under Plaintiff's Complaint by reason of California Civil Code § 1670.5, the statutory and common law prohibitions on enforcement of unconscionable contracts, the prohibition on receipt of benefits accruing through unconscionable conduct, and the unconscionability of the Plaintiff's acts and claims.

2.     Defendant is informed and believes, and on that basis alleges, that Plaintiff having prevented and hindered Defendant from performing under the contract and from obtaining the benefits, Plaintiff would be unjustly enriched if allowed to enforce the contract or obtain damages for the alleged breaches thereof. As a result, any enforcement by Plaintiff would be unconscionable under the circumstances.

3.     Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred from recovering any damages or other relief by reason of the lack or inadequacy of consideration that defeats the effectiveness of the contract between the parties.

4.     Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred from recovering any damages or other relief by reason of the failure of consideration that defeats the effectiveness of the contract between the parties.

5.     Defendant is informed and believes, and on that basis alleges, that as a result of Plaintiff's acts or omissions, and through no fault of this Defendant, the purposes recognized by both Plaintiff and Defendant as the basis for the contract have been fundamentally frustrated and defeated.

6.     Defendant is informed and believes, and on that basis alleges, that Plaintiff breached the contract with Defendant by failing timely, fully, and adequately to perform the terms and conditions therein, thereby preventing Defendant's performance and discharging any obligation on the part of Defendant.

7.     Defendant is informed and believes, and on that basis alleges, that the causes of action in the complaint are barred because the Plaintiff acted with negligence and bad faith concerning the matters alleged therein, breached obligations owing to this Defendant and engaged in

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

misrepresentations of relevant facts, made promises without intent to perform and concealed and suppressed the true facts from this Defendant causing damage.

8.      Defendant is informed and believes, and on that basis alleges that performance of the contract has become impossible or totally impracticable through no fault of this Defendant and accordingly Plaintiff's claim is without merit.

9.      Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by plaintiff must be diminished or barred by reason thereof.

10.      Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported cause of action alleged therein are barred by the doctrine of estoppel by virtue of Plaintiff's acts, conduct, statements, and omissions.

11.      Defendant is informed and believes, and on that basis alleges, that having contributed to the breach of the contract alleged in the Complaint and to the failure of the conditions precedent to any obligation of Defendant under the contract, if any there be, Plaintiff is equitably estopped to seek enforcement of the contract or damages for the alleged breach thereof.

12.      Defendant is informed and believes, and on that basis alleges, that Plaintiff's Complaint and each purported cause of action alleged against Defendant therein are barred by the applicable statutes of limitations.

13.      Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred from any recovery against defendant by reason of the doctrine of laches and undue delay in giving notice to Defendant of the matters alleged in the complaint and in commencing this litigation.

14.      Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported cause of action alleged therein are barred because any damage suffered by Plaintiff was not the result of any act, representation, or omission of Defendant.

15.      Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported cause of action alleged therein have been waived in whole or in part, and to the extent waived, are barred.

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

16.      Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported cause of action alleged therein are barred by the doctrine of unclean hands due to Plaintiff's own misconduct.

17.      Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff consented to, approved, or actively participated in the acts or omissions, about which Plaintiff now alleges constitutes its causes of action.

18.      Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff's claims are subject to the exclusive jurisdiction of the arbitration clause between the parties.

## PRAYER

**Wherefore**, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by its unverified Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      That Defendant be awarded costs of suit, attorneys' fees, prejudgment and post-judgment interest; and

4.      That Defendant be awarded any other relief that is just and proper.

## JURY TRIAL DEMAND

Defendant demands trial by jury of all issues, except for attorneys' fees and costs.

Date:  June 6, 2018                               McCORMACK & ERLICH, LLP

By:  Jason M. Erlich, Esq.
Attorney for Defendant Matthew Serre

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

ENDORSED FILED
SAN MATEO COUNTY

JUN 0 7 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

1  Jason M. Erlich, Esq., Cal. Bar #203661
     email: jason@mcelawfirm.com
2  McCormack & Erlich LLP
   150 Post Street, Suite 742
3  San Francisco, CA 94108
   Tel: (415) 296-8420
4  Fax: (415) 296-8552

5

6  Attorney for Defendant Matthew Serre

7          SUPERIOR COURT OF CALIFORNIA

8             COUNTY OF SAN MATEO

9          CIVIL - UNLIMITED JURISDICTION

10

11  GENENTECH, INC., a Delaware corporation,      Case No. 18-CIV-01849

12         Plaintiff,                             **PROOF OF SERVICE**

13  vs.

14  MATTHEW SERRE, an individual; and DOES
15  1 to 10, inclusive,

16         Defendants.

17                                                BY FAX

18

19

20

21

22

23

24

25

26

27

28

I, the undersigned, declare that I am over eighteen (18) years of age, I am **not a party to this action,** and I am a resident of the State of California. My business address is 150 Post Street, Suite 742, San Francisco, California, 94108. On the date set forth below, I served the following documents:

- **DEFENDANT MATTHEW SERRE'S ANSWER TO PLAINTIFF'S COMPLAINT FOR MONEY DAMAGES**

☐ **By electronic service** (Code Civ. Proc. § 1010.6). Based on the court's adoption of local rules permitting electronic service, or based on an agreement of the parties to accept service electronically, I transmitted PDF versions of the documents via One Legal electronic service – a court-approved electronic Filing Service Provider – or via electronic mail to the e-mail address(es) designated in the Service List below.

☐ **By messenger service** (Code Civ. Proc. § 1011). I served the documents by enclosing them in a sealed envelope or package addressed to the person(s) designated in the Service List below and providing the envelope to a professional messenger service for service.

☐ **By personal service/hand delivery** (Code Civ. Proc. § 1011). I personally delivered the documents to the person(s) designated in the Service List below.

    (1)    For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with the receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine (9) in the morning and five (5) in the evening.

    (2)    For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight (8) in the morning and six (6) in the evening.

☒ **By United States mail** (Code Civ. Proc. § 1013, subd. (a)). I enclosed the documents in a sealed envelope or package addressed to the person(s) designated in the Service List below, and either:

    (1)    Deposited the envelope or package with the United States Postal Service ("USPS"), with postage fully prepaid, or

    (2)    Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with USPS, in a sealed envelope or package with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: <u>San Francisco, CA.</u>

☐ **By express mail/overnight delivery** (Code Civ. Proc. § 1013, subd. (c)). I enclosed the

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1  documents in a sealed envelope or package addressed to the person(s) designated in the
   Service List below, and I placed the envelope or package for collection and overnight
2  delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

3  ☐  **By facsimile** (Code Civ. Proc. § 1013, subd. (c)).  Based on a written agreement of the
      parties to accept service by facsimile, I faxed the documents to the fax number(s)
4     designated in the Service List below.  The transmission was reported as complete and
      without errors.  A copy of the record of the fax transmission, which I printed out, is
5     attached.

6                                    SERVICE LIST
7
   John F. Gardner, #133163
8  jgardner@donahue.com
   Eric A. Handler, #224637
9  ehandler@donahue.com
   1999 Harrison Street, 25th Floor
10 Oakland, California 94612-3520
   Tel: (510) 451-3300
11 Fax: (510) 451-1527
   **Attorneys for Defendants**
12 Genentech, Inc.
13
       Pursuant to the laws of the State of California, I declare under penalty of perjury that the
14 information in this declaration is true and correct.
15
       Executed on June 6, 2018, in the City and County of San Francisco, California.
16

17

18                              Paul Hirsch

19

20

21

22

23

24

25

26

27

28

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420